IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANA A. NELSON, D.V.M., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| PENNY PAWS ANIMAL CLINIC, | ) | |
| PLLC, | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**NOW COMES,** Plaintiff Dana A.Nelson ("Plaintiff") and avers against Penny Paws Animal Clinic, PLLC ("Defendant") the following:

## PARTIES AND SERVICE

1.     Plaintiff is Dana A. Nelson, a Citizen of the United States of America and of the State of Texas, and a resident of Tarrant County.

2.     Defendant is Penny Paws Animal Clinic, PLLC, a Texas Professional Limited Liability Company, operating in Tarrant County and whose Registered Agent in Texas is Robert P. Franklin, D.V.M., with an address of 3435 Thousand Oaks Drive, Suite 104, San Antonio, TX 78247.

## JURISDICTION & VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4), because Plaintiff asserts federal civil rights claims under the ADA, 42 U.S.C. § 12112. This Court has supplemental jurisdiction over Plaintiff's Texas state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant, as Defendant Penny Paws Animal Clinic PLLC regularly conducts business in this District, through its Arlington Branch.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), as Defendant, regularly conducts business in this District. Venue is also proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the federal and state claims occurred in this District.

## FACTUAL ALLEGATIONS

6.      Dana A. Nelson, D.V.M. ("Plaintiff") began working as Medical Director at Penny Paws Animal Clinic, PLLC ("Defendant") at the Arlington, Texas Branch, on July 9, 2018.

7.      Prior to commencing her employment, Plaintiff informed Defendant that she suffered from Bipolar Disorder, with which she had been diagnosed, by LifePath Systems, in Plano, Texas, in April 2015.

8.      Plaintiff further informed Defendant that she took the medications prescribed by her Physician. Those medications at the time were: Zoloft (100 mg./day); Lamotrigine (75 mg./day); and Trileptal (150 mg./day). Plaintiff also had a prescription for a CBD product which could cause her to test positive for THC.

9.      With medication, Plaintiff was fully able to perform the duties of her job as Medical Director for Defendant.

10.     After a few months of employment, Plaintiff further informed Defendant's Practice Manager Kat Bayse that she had become pregnant and might have to reduce her level of medication during her pregnancy. The reduction in medication had the possibility of exacerbating Plaintiff's Bipolar Disorder symptoms, and Plaintiff felt Defendant should be aware of this possibility.

## REPORT OF RACIAL DISCRIMINATION

11.     In August 2019, Plaintiff reported Race Discrimination by Defendant's Office Manager Candra Lawrence, to the Penny Paws Chief of Staff Clay Etheridge. Plaintiff had become aware two office employees, one Hispanic female and one African American female, were being paid $2.00 an hour less than two Caucasian female employees who worked in the same role.

12.     Clay Etheridge represented to Plaintiff that her Complaint would be forwarded to Human Resources and investigated.

13.     Clay Etheridge informed Candra Lawrence, Office Manager, of Plaintiff's allegation in a conversation that was witnessed by Nick, a Veterinary Technician in the office.

## RETALIATION AFTER REPORT OF RACIAL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

14.     Almost immediately after reporting the Race Discrimination, Candra began retaliating against and acting negatively toward Plaintiff. Candra told Plaintiff that she thought Plaintiff was trying to get her fired, when in fact, Plaintiff was just trying to inform Defendant of an inequity in compensation that appeared to be based on race because there was no other explanation for the discrepancy in wages.

15.     Defendant created a hostile work environment in many different instances. On one occasion, Plaintiff's Team Members were observing Plaintiff draw blood from a colt, under emergency circumstances. Candra walked in and ordered Plaintiff to conduct the procedure in the Operating Room, which was unnecessary, and would waste valuable time, and jeopardize the health of the colt.

16.     On another occasion, during a day of extreme heat in the summer, Plaintiff was inserting catheters into two dogs who were on the verge of dying from heat exhaustion, when

Candra ordered Plaintiff to first present a bill for $300 to the dogs' owner, before the procedures could continue.

17.     This retaliatory conduct was highly unusual, and dangerous to the lives of the animals Plaintiff was attempting to save.

## HOSTILE WORK ENVIRONMENT AND VIOLATION OF ADA

18.     In September 2019, Plaintiff, without explanation, was ordered to take a random drug test by Defendant. No other employees of Defendant had been required to take a random drug test.

19.     This test was in retaliation for reporting race discrimination in employment practices, as well as discrimination against Plaintiff based on her Disability, Bipolar Affective Disorder.

20.     It is well-known that the medicines she was taking at the time (Zoloft, Lamotrigine, and Carbamazepine) could show up on a drug test as false positives for the street drug PCP. Also, Plaintiff had told Candra that she had a prescription for CBD oil, and employees often discussed various CBD products with each other.

21.     Plaintiff's Bipolar Disorder could interfere with several of her major life activities, including her mental and emotional processes like concentrating and interacting with others if she does not take her medicine. Plaintiff needed to take her prescribed medications to be in compliance with doctor's orders and to remain functional and operate at the level required by her job.

22.     After taking the drug test, Plaintiff was suspended while the test was being evaluated. Plaintiff was thereafter terminated.

23.     Defendant also created a hostile work environment for Plaintiff by telling people she was on PCP, knowing that her prescribed medicines could appear to be PCP in a drug test.

24.     Several other of Defendant's employees were known to regularly use marijuana and derivative products, but Defendant did not require those employees to take a drug test. Plaintiff was the only employee who was tested.

25.     Defendant never informed Plaintiff of the basis for her termination.

26.     Plaintiff remains under the care of a doctor and continues to take her medicine for the treatment of Bipolar Disorder.

## CONDITIONS PRECEDENT

**27.**     All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed first with the Fort Worth Human Relations Commission and the Equal Employment Opportunity Commission. Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a Right to Sue Letter.

## RESPONDEAT SUPERIOR

28.     Whenever in this petition it is alleged that the Defendant, Penny Paws Animal Clinic, PLLC did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## COUNT I - VIOLATION OF THE ADA - DISCRIMINATION ON THE BASIS OF DISABILITY - 42 U.S.C. 12112

29.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

30.     Plaintiff is an eminently qualified veterinarian with a Disability, namely Bipolar Affective Disorder. Plaintiff told Defendant about the disorder when she was hired. Plaintiff's Disability substantially limits one or more of her major life activities.

31.     Disability notwithstanding, Plaintiff was able to perform her job duties while she was employed by Defendant.

32.     Despite her performance, Plaintiff was terminated from her position as Medical Director of the Arlington Clinic by Defendant because of her Disability after a drug test that showed she took her prescribed medication.

33.     Other employees who regularly smoked marijuana and used derivative products were not drug tested or terminated for using those substances.

### COUNT II - VIOLATION OF TCHRA - TEXAS LABOR CODE 21.051 - DISCRIMINATION ON THE BASIS OF DISABILITY

34.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

35.     Plaintiff is an individual who has a Disability within the meaning of TCHRA, in that one or more of her major life activities are limited because of her Disability; Plaintiff was regarded by Defendant as someone who had a Disability; Plaintiff was qualified for her position, functioning at a high level; and Plaintiff was terminated because of her Disability after she took a drug test that showed proper levels of her prescribed medication.

### COUNT III - VIOLATION OF TITLE VII - RETALIATION - 42 U.S.C. § 2000e(a))

36.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

37.     Plaintiff reported racial discrimination to Defendant's Practice Manager Clay Etheridge, a protected activity under the Act; Candra Lawrence then began to harass Plaintiff and

6

creating a hostile work environment. Defendant also demanded a drug test and terminated Plaintiff without cause; there is a causal link between Plaintiff's protected activity and her firing, because it was only after she reported the discrimination in pay for Defendant's African American employees, that Candra retaliated against her, created a hostile work environment and ultimately fired her.

## COUNT IV - VIOLATION OF TEXAS LABOR CODE CHAPTER 21.055 - RETALIATION

38.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

39.     Plaintiff reported racial discrimination to Defendant, a protected activity; Defendant, in retaliation, harassed, drug tested, then terminated Plaintiff, and there is a causal link between Plaintiff's protected activity and her subsequent termination, because there is no rational explanation for Plaintiff's termination.

## COUNT V – HOSTILE WORK ENVIRONMENT AND DISABILITY HARASSMENT

**40.**     In violation of the ADA which prohibits discrimination in the terms, conditions and privileges in employment, Defendant created a hostile work environment and harassed Plaintiff because of her report of racial discrimination and because of her disability. Specifically, Plaintiff is disabled (bi-polar disorder) and within the ADA's protected class; Plaintiff was subject to unwelcome harassment when Candra ordered Plaintiff to draw blood from a colt in an operating room which was unnecessary and demanded Plaintiff stop treatment to present a bill to a client and unfairly subjected Plaintiff to a drug test and told other employees that Plaintiff was taking PCP; the harassment was retaliation for Plaintiff's reporting race discrimination and because of Plaintiff's disability; the harassment was sufficiently sever or pervasive that it altered a term, condition or privilege of employment because it led to Plaintiff's being terminated; and the

employer knew or should have known of the harassment and failed to take action because Candra's

actions against Plaintiff were witnessed by other employees and Plaintiff brought the treatment to

the attention of management.

## COUNT VI - BATTERY

41.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth

herein.

**42.**     By forcing Plaintiff to take a drug test, Defendant knowingly caused physical

contact with Plaintiff, when Defendant knew or reasonably should have known that Plaintiff would

regard the contact as offensive or provocative, especially because Defendant knew that Plaintiff

suffered from a severe mood disorder. Plaintiff was thereby sorely damaged by Defendant's

offensive contact.

## COUNT VI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth

herein.

**44.**     Defendant acted intentionally or recklessly; Defendant's conduct was extreme and

outrageous; that conduct caused Plaintiff emotional distress; and the emotional distress suffered

by Plaintiff was severe.

## DAMAGES

45.     Plaintiff sustained the following damages as a result of the actions and/or omissions

of Defendant described hereinabove:

> a.  All reasonable and necessary Attorney's fees incurred by or on behalf of
>
>     Plaintiff;

8

b. Back pay from the date that Plaintiff was released to return to work with restrictions, and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

c. All reasonable and necessary costs incurred in pursuit of this suit;

d. Emotional pain;

e. Expert fees as the Court deems appropriate;

f. Front pay in an amount the Court deems equitable and just to make plaintiff whole;

g. Prejudgment interest;

h. Loss of enjoyment of life;

i. Mental anguish in the past;

j. Mental anguish in the future;

k. Loss of earnings in the past;

l. Loss of earning capacity which will, in all probability, be incurred in the future; and

m. Loss of benefits.

## EXEMPLARY DAMAGES

Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Dana Nelson respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Renea Overstreet
Renea Overstreet
Texas Bar No. 24066704
E-Mail: rdolaw@gmail.com
2100 N. Main Street, Suite 228
Fort Worth, Texas 76164
Tel. (817) 810-9747
Fax. (1-855) 299-5593
Attorney for Plaintiff
Dana A. Nelson, D.V.M.